UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

Civil Action No. 5:21-cv-00096

MEGAN L. RANDALL,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS, LLC,

    Defendant,
_____/

## COMPLAINT

**NOW COMES** MEGAN L. RANDALL, by and through her undersigned counsel, complaining of Defendant DYNAMIC RECOVERY SOLUTIONS, LLC, as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("CCPA"), Fla. Stat. §559.55 *et. seq.*

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4.    MEGAN L. RANDALL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Panama City Beach, Florida.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

7. DYNAMIC RECOVERY SOLUTIONS, LLC ("Defendant") maintains its principal place of business at 135 Interstate Boulevard, Greenville, South Carolina.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

10. In or around January 2021, Plaintiff started receiving calls from Defendant.

11. During these phone calls, Defendant was asking to speak with Jessie S. ("Jessie").

12. During at least one of these phone calls, Defendant disclosed to Plaintiff that Jessie owed an alleged debt of approximately $200 ("subject debt").

13. Plaintiff advised Defendant that this was not a good phone number for Jessie and asked that Defendant stop calling her.

14. Unfortunately, Defendant's calls to Plaintiff have continued.

15. In total, Defendant has placed approximately 50 phone calls to Plaintiff since she requested that the phone calls cease.

16. Defendant placed these calls from various phone numbers, including but not limited to the phone number (251) 999-9101.

17. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls to a third party.

18. Concerned with Defendant's abusive debt collection practices, specifically after requesting Defendant on numerous occasions to stop contacting her, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

19. Concerned with having had her statutory rights under the FDCPA violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased.

20. Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as a direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

21. Paragraphs 1-20 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a. Violation(s) of 15 U.S.C. §1692c**

22. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a)(1).

23. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff requested that the phone calls cease.

24. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

3

### b. Violations of FDCPA §1692d

25. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

26. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §§ 1692d and d(5) when it placed approximately 50 collection calls in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

28. Further, Defendant knew that Jessie could not be reached at Plaintiff's cellular phone number.

29. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

30. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff MEGAN L. RANDALL, requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.      Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II

**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

31.      Paragraphs 1-30 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.  Violation(s) of Fla. Stat. § 559.72(7)**

32.      Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7)    Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

33.      Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

34.      Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff, MEGAN L. RANDALL, requests the following relief:

a.      a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 29, 2021                                          Respectfully submitted,

**MEGAN L. RANDALL**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com